# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-1412
Lower Tribunal No. 2021-CA-004420-O

_____

WILDE CYPRESS BRANCH, BOGGY BRANCH, CROSBY ISLAND MARSH, LAKE HART, LAKE MARY JANE, AND ALL OTHER AFFECTED ORANGE COUNTY WATERS; and CHARLES O'NEAL, as President of SPEAK UP WEKIVA, INC. ON BEHALF OF THE WATERS OF ORANGE COUNTY,

Appellants,

v.

EMILE D. "SHAWN" HAMILTON, in his Official Capacity as Secretary of the FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, and BEACHLINE SOUTH RESIDENTIAL, LLC,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
Paetra T. Brownlee, Judge.

January 19, 2024

WOZNIAK, J.

Appellants, Wilde Cypress Branch, Boggy Branch, Crosby Island Marsh, Lake Hart, Lake Mary Jane, and All Other Affected Orange County Waters ("Waters of Orange County"); and Charles O'Neal, as President of Speak Up Wekiva, Inc. on behalf of Waters of Orange County, appeal the final order of dismissal rendered on

the motion of Appellees, Beachline South Residential, LLC and Shawn Hamilton,[1] in his official capacity as Secretary of the Florida Department of Environmental Protection.[2] Appellants make several arguments for reversal of the trial court's order. We find no merit in the issues raised and affirm, but write to address Appellants' contention that the trial court erred as a matter of law in finding that section 403.412(9)(a), Florida Statutes (2020), is constitutional and preempts Orange County Charter section 704.1.

Because section 403.412(9)(a), Florida Statutes, precludes a "local government regulation, ordinance, code, rule, comprehensive plan, charter, or any other provision of law" from "recogniz[ing] or grant[ing] any legal rights to a plant, an animal, a body of water, or any other part of the natural environment that is not a person or political subdivision," the Charter provision's purported recognition of a right held by water bodies within Orange County "to exist, Flow, to be protected against Pollution and to maintain a healthy ecosystem,"[3] was correctly held to be in conflict with the statute and preempted thereby. *See Fla. Power Corp. v. Seminole Cnty.*, 579 So. 2d 105, 107 (Fla. 1991) ("While the authority given to cities and

---

[1] Emile D. "Shawn" Hamilton succeeded Noah Valenstein as Secretary of the Florida Department of Environmental Protection during the course of this litigation. Accordingly, we substitute Secretary Hamilton for Secretary Valenstein. *See* Fla. R. Civ. P. 1.260(d).

[2] This case was transferred from the Fifth District Court of Appeal to this Court on January 1, 2023.

[3] Art. VII, § 704.1(A)(1), Orange County, Fla., Charter (2020).

counties in Florida is broad, both the constitution and statutes recognize that cities and counties have no authority to act in areas that the legislature has preempted." (citations omitted)); *Metro. Dade Cnty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 504 (Fla. 1999) ("If political subdivisions were able to continue actions to enforce ordinances that conflict with general law, the political subdivisions would have the power to frustrate the ability of the Legislature to set policies for the state." (citation omitted)).   Without a cause of action under the Charter provision sued upon, Appellants' suit fails.  Accordingly, we affirm.

AFFIRMED.

STARGEL and SMITH, JJ., concur.


Roy D. Wasson, of Wasson & Associates, Chartered, Miami, and Steven M. Meyers, of Meyers & Stanley, Maitland, for Appellants.

Judith M. Mercier and Jamie Billotte Moses, of Holland & Knight, LLP, Orlando, Lawrence E. Sellers, Jr., of Holland & Knight, LLP, Tallahassee, and Daniel Mahfood, of Holland & Knight LLP, Jacksonville, for Appellee, Beachline South Residential, LLC.

Justin G. Wolfe, General Counsel, and Jeffrey Brown, Complex Litigation Counsel, of the Department of Environmental Protection, and Nicholas J. P. Meros, Deputy General Counsel, of the Executive Office of The Governor, for Appellee, Emile D. "Shawn" Hamilton, Secretary of the Florida Department of Environmental Protection.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED